UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL WELLS,

   Plaintiff,       Case No. 2:22-cv-13018

v.

                Hon.

FERRELLGAS, INC.,

   Defendant.
_____

DAVID M. BLANCHARD (P67190)
FRANCES J. HOLLANDER (P82180)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

_____

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff, April Wells ("Plaintiff"), by and through her attorneys, Blanchard & Walker, PLLC, individually and on behalf of all persons similarly situated, files this Collective Complaint against Defendant Ferrellgas, Inc. ("Ferrellgas" or "Defendant"). Ferrellgas maintained a policy of paying female drivers less than their male counterparts. This policy applied to Plaintiff and the Collective members.

Plaintiff, on behalf of herself and others similarly situated, seeks all available relief under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) and the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2010 *et seq.*

## PARTIES AND JURISDICTION

1.  This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §1331 and over state claims pursuant to 28 U.S.C. § 1367.

2.  Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as Defendant transacts business and operate in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

3.  Plaintiff April Wells ("Plaintiff" or "Ms. Wells") is an individual who resides in Wayne County, Michigan.

4.  Defendant Ferrellgas, Inc. is a for-profit corporation headquartered in Liberty, Missouri but conducts business throughout southeastern Michigan in this District. Defendant's State of Michigan Resident Agent is located in Plymouth, Michigan in Wayne County.

5.  This lawsuit includes claims (1) under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), brought by Plaintiff individually and on behalf of a collective of similarly situated individuals; and (2) under the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2010 *et seq.*, brought by Plaintiff individually.

6. On or around January 9, 2020, Plaintiff filed Charge No. 471-2020-01196 with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has not received a "Notice of Right to Sue" from the EEOC. After she has exhausted administrative remedies with the EEOC, Plaintiff will be amending this Complaint to add claims under Title VII of the Civil Rights Act of 1964, as amended.

## COLLECTIVE DEFINITION

7. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and the following opt-in litigants:

> All female drivers paid by Defendant at any time from three years prior to the filing date of this action (the "Collective").

8. Plaintiff reserves the right to seek to redefine the Collective prior to moving for certification, and thereafter, as necessary

## FACTUAL ALLEGATIONS

9. In November 2019, Plaintiff April Wells applied to work for Defendant in Belleville, Michigan.

10. During the hiring process, Defendant subjected Ms. Wells to multiple interviews with three levels of management. In a typical interview process, the applicant would be interviewed only by the Plant Supervisor.

11. Defendant acknowledged that it required Ms. Wells to attend interviews with multiple levels of management only because she was a woman.

12. Defendant also acknowledged that the application process for male

applicants moves faster than the process moved for Ms. Wells.

13. Ms. Wells' direct supervisor admitted to Ms. Wells that, if her husband had applied before her, Ferrellgas "would've hired him last week because he's a guy."

14. Ferrellgas' management stated that the application process was more strenuous for Ms. Wells because the job was "not a lady's kind of environment."

15. In December 2019, Plaintiff April Wells began working as driver for Defendant in Belleville, Michigan, driving a commercial truck to deliver propane to Defendant's customers.

16. Around the time Ms. Wells was hired, she discovered that she would be paid less than her male counterparts. Ms. Wells was offered an hourly rate of $18/hour, while her male colleagues were paid $20/hour.

17. Ms. Wells' direct supervisor told her explicitly that she was being paid less than male individuals hired into the same position.

18. Ms. Wells attempted to negotiate the rate of pay with her direct supervisor, but he rejected her attempt and stated that "the big boss" made the decision to pay Ms. Wells $18/hour.

19. Ms. Wells' direct supervisor stated that his supervisor "could've made a better price than he did" but he did not do so because Ms. Wells was "a woman."

20. Ms. Wells' direct supervisor also acknowledged that, if Ms. Wells'

husband had been offered the job, Defendant "might've given him 20 right off the bat."

21. Plaintiff complained about the difference in pay between herself and her male colleagues. Nonetheless, Defendant failed to compensate Ms. Wells at a rate equivalent to her male colleagues.

### COUNT I – VIOLATION OF THE EQUAL PAY ACT OF 1963
### (On Behalf of Plaintiff and the Collective)

22. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

23. Defendant has discriminated against Plaintiff and the Collective within the meaning of the Equal Pay Act of 1963 ("EPA") by paying her less than similarly situated male colleagues on the basis of her gender, female, even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility as her male colleagues.

24. Plaintiff and the Collective members were "employees" as defined by 29 U.S.C. § 203(e); 29 U.S.C. § 206(a); 29 U.S.C. § 206(d); 29 CFR § 1620.1.

25. Defendant is an "employer" as defined under the EPA, 29 U.S.C. § 203(d).

26. Plaintiff and the Collective were female employees who received less compensation than similarly situated male employees for performing substantially equal work that requires equal skill, effort, and responsibility, and was performed

5

under similar working conditions.

27. Defendant violated the EPA by paying lower wages to Plaintiff and the Collective, who were female employees, than they paid to male employees for equal work that required equal skill, effort, and responsibility and that was/is performed under similar working conditions. *See* 29 U.S.C. § 206(d)(1).

28. The term "wages" encompasses all payments made to an employee as remuneration for employment. *See* 29 CFR § 1620.19.

29. The differential in pay between similarly situated male employees and Plaintiff and the Collective was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was due to gender.

30. Defendant caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on gender, in violation of the EPA.

31. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). Defendant was aware that the male drivers employed were being paid more than similarly situated female drivers for substantially similar work. Defendant received complaints about the pay disparity.

32. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff and the Collective sustained damages including but not limited to economic losses in terms of wages and earnings and loss of benefits, damages to professional reputation and privileges to employment, emotional pain, suffering,

inconvenience, and mental anguish.

## COUNT II –SEX DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT
## (MICH. COMP. LAWS §37.2010 *et seq.*)

33. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

34. Defendant has discriminated against Plaintiff within the meaning of the Elliott-Larsen Civil Rights Act ("ELCRA") by discriminating against her with respect to the terms, conditions, and privileges of her employment, including but not limited to compensation, on the basis of her sex, female.

35. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the ELCRA. *See* M.C.L. § 37.2201 *et seq*.

36. Plaintiff's sex was a motivating factor in Defendant's decision to compensate Plaintiff less as compared to similarly situated male employees.

37. Defendant has a policy that has a disparate impact on female drivers.

38. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained damages including but not limited to economic losses in terms of wages and earnings and loss of benefits, damages to her professional reputation and privileges to her employment, emotional pain, suffering, inconvenience, and mental anguish.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff April Wells seeks the following relief on behalf of herself and the members of the Collective:

A. An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the Collective;

C. Back pay damages (including unpaid wages and unpaid overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

D. Liquidated damages to the fullest extent permitted under the law;

E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

F. All further relief as the Court deems just and equitable.

        Respectfully submitted,

        /s/ Frances J. Hollander
        David M. Blanchard (P67190)
        Frances J. Hollander (P82180)
        Blanchard & Walker, PLLC
        Attorneys for Plaintiff
        221 North Main Street, Suite 300
        Ann Arbor, MI 48104
        (734) 929-4313
        blanchard@bwlawonline.com

Date: December 13, 2022    hollander@bwlawonline.com

## **DEMAND FOR A JURY TRIAL**

    Now Comes Plaintiff, April Wells, by and through her attorneys, Blanchard & Walker, PLLC, and hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

/s/ Frances J. Hollander
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
Blanchard &Walker, PLLC
Attorneys for Plaintiff
221 North Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

Date: December 13, 2022